UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

LANDON BISSETT,

            Plaintiff,

v.

ALS USA, INC.,

            Defendant.

Case No. 3:20-cv-00036-LRH-CLB

ORDER

      Before the Court is Defendant ALS USA, INC.'s ("ALS") motion to dismiss (ECF No. 12) Plaintiff Landon Bissett's ("Bissett") first amended complaint (ECF No. 8); specifically, the second cause of action for retaliation. Bissett opposes the motion (ECF No. 14), and ALS replied (ECF No. 15). For the reasons contained in this Order, the Court will grant the motion to dismiss the second cause of action, but Bissett is granted leave to file an amended complaint.

**I.    BACKGROUND**

      Bissett is a resident of northern Nevada who worked for ALS from November 11, 2017, to November 19, 2018. ECF No. 12-1. ALS "is a professional organization that provides analytical testing services to a wide variety around the world." During his employment with ALS, Bissett worked as a Fire Tech I. According to Bissett's Nevada Equal Rights Commission ("NERC") Charge, he was subject to sexual harassment on a regular basis, primarily from his co-worker Isidoro Gutierrez ("Gutierrez"). ECF No. 12-1.

      About a month after Bissett began working for ALS, Gutierrez apparently began offering "…[Bissett] money in exchange for sexual relations with [Bissett's] girlfriend, touch[ed] [Bissett] inappropriately and show[ed] [Bissett] pornography." *Id.* Bissett claims management was aware

of these interactions, and even engaged in similar inappropriate behavior. *Id.* Most troubling, according to Bissett, Gutierrez showed him a video of child pornography which Bissett claims Gutierrez produced. *Id.* In July of 2018, Bissett informed his supervisor, Jeff Nielson ("Nielson"), that he no longer wished to be the subject of sexual harassment. *Id.*

Eventually, Bissett was terminated on November 19, 2018, for, according to ALS, chronic tardiness and absenteeism. The lead up to his firing spanned several months. On February 21, 2018, Bissett received his first warning regarding five absences. ECF No. 12-2. On September 6, 2018, Bissett received his second warning regarding an absence on September 1, 2018. ECF No. 12-3. On September 21, 2018, Bissett received his third and final warning because he continued to call in sick. ECF No. 12-4. On November 19, 2018, Bissett was terminated after he failed to appear for a shift on November 16, 2018. ECF No. 12-6. Bissett claims his tardiness and absenteeism was a result of the sexual hostile work environment, and his termination constituted retaliation. ECF No. 1.

This action was filed on January 17, 2020. *Id.* Bissett alleges a sexual hostile work environment and retaliation in violation of 42 U.S.C. 2000e, et seq. *Id.* The retaliation cause of action is the subject of ALS' motion to dismiss now pending before the Court.

## II.   LEGAL STANDARD

A party may seek the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a legally cognizable cause of action. *See* Fed. R. Civ. P. 12(b)(6) (stating that a party may file a motion to dismiss for "failure to state a claim upon which relief can be granted[.]"). To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the notice pleading standard of Federal Rule 8(a)(2). *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) does not require detailed factual allegations; however, a pleading that offers only "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient and fails to meet this broad pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To sufficiently allege a claim under Rule 8(a)(2), viewed within the context of a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the alleged misconduct. *See id.* at 678-679 (stating that "[t]he plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (internal quotation marks and citations omitted). Further, in reviewing a motion to dismiss, the court accepts the factual allegations in the complaint as true. *Id.* However, bare assertions in a complaint amounting "to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 698) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

### III.   DISCUSSION

In their motion to dismiss, ALS requests dismissal of Bissett's second cause of action: retaliation.

Section 2000e–3(a) makes it unlawful for an employer "to discriminate against any of [is] employees … because [the employee] has opposed any practice made an unlawful employment practice" by Title VII. 42 U.S.C. § 2000e–3(a). When claiming retaliation, a plaintiff must prove "(1) that [they were] engaging in protected activity/opposition, (2) that [they] suffered an adverse employment action, and (3) that there was a casual link between [their] activity and the employment decision." *Folkerson v. Circus Circus Enterprises, Inc.*, 107 F.3d 754, 756 (9th Cir. 1997) (citation omitted). The casual link must be established according to traditional notions of

but-for causation, e.g., merely showing that retaliation was a motivating factor for the adverse employment action is insufficient. *See University of Texas Southwestern Medical Center v. Nassar*, 570 U.S. 338, 361 (2013) (finding that Congress intended to confine motivating-factor causation to status-based discrimination—not retaliation claims).

ALS argues Bissett's retaliation claim fails to establish the final but-for requirement. ECF No. 12, at 5–6. Essentially, ALS contends that the primary reason for Bissett's termination—absenteeism and tardiness—supplants any theory of retaliation arising from Bissett's complaints of sexual harassment. *Id.* Bissett responds by generally relying on three cases which purportedly contradict ALS. *See Harris v. Forklift Systems, Inc.*, 510 U.S. 17 (1993); *Crawford v. Metropolitan Government of Nashville and Davidson County*, 555 U.S. 271 (2009); *Moffett v. Gene B. Glick Co.*, 621 F. Supp. 244, 281 (N.D. Ind. 1985). Citing these cases, Bissett argues his tardiness and absenteeism was a direct and proximate result of the sexually hostile work environment, and ALS is estopped from relying on any purported reason for Bissett's termination. Moreover, in support of his theory of retaliation, Bissett claims that ALS failed to act or remedy his valid complaint of sexual harassment.

Upon a review of Bissett's complaint and the relevant case law, the Court finds that Bissett has not alleged sufficient facts to plead a prima facie case of retaliation. The U.S. Supreme Court was clear in *Nassar* that a plaintiff must prove that an employer retaliated against an employee "because" the employee had complained of workplace discrimination. 570 U.S. at 343. So here, Bissett must prove that he would not have been terminated if he did not complain of the offensive sexual work environment. Bissett has not pled sufficient facts to prove this. In his complaint, Bissett asserts that "[a]ny tardiness or absenteeism by plaintiff was a direct and proximate result of the intimidating and offensive sexual environment defendant allowed to exist." ECF No. 8, at 3. This statement does not prove that his termination was a retaliatory action, nor does it prove ALS terminated him because of his reported complaints. Rather, the statement seems to merely prove that he was terminated as a result of his absenteeism and tardiness.

Furthermore, the three primary cases cited by Bissett do not support his theory of retaliation. First, despite Bissett's characterization of the case, *Harris v. Forklift System, Inc.* did

not broaden the definition of retaliation. 510 U.S. 17 (1993). Instead, the case asked what constituted an injury resulting from an "abusive work environment," and the Court found that, in some instances, a discriminatory environment may "discourage employees from remaining on the job." *Id.* at 22. There was no mention or discussion of retaliation. Second, in *Moffett v. Gene B. Glick Co.*, a Federal District Court in Indiana found that an employee was fired for pretextual reasons, i.e., her job performance, because she complained about sexual harassment. 621 F. Supp. 244, 281 (N.D. Ind. 1985). The facts in *Moffett* are distinguishable from the present instance because the court there found that other employees had committed similar mistakes but were not fired. *Id.* Here, there are no facts which indicate pretext: no other ALS employees kept their job despite continued absenteeism and tardiness. Lastly, *Crawford v. Metropolitan Government of Nashville and Davidson County* addressed the scope of Title VII's antiretaliation provision and found that an employee is protected from retaliation even during internal investigations. 555 U.S. 271 (2009). While encouraging employees to root out discriminatory conduct, the Court did not hold a failure to do so constituted retaliation. *Id.* Thus, despite Bissett's use of various case law, there is likely no legal support for his second cause of action. Dismissal will be granted on this basis, and for the factual reasons discussed above.

Even assuming Bissett's estoppel theory is legally sound, ALS alternatively argues that Bissett cannot establish the third element of causation because of a lack of temporal proximity. ECF No. 12, at 6. Relying on Bissett's NERC charge, ALS point out that Bissett initially complained of the sexual harassment in July 2018 but was not terminated until November 17, 2018. *Id.*; *see Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268 (2001) (holding that temporal proximity between the protected activity and adverse employment action must be "very close") (citations omitted). Still, in his first amended complaint, Bissett states that he complained about the sexual harassment as late as November 2018, thus negating any temporal proximity argument. ECF No. 8, at 3. Nevertheless, potential sham affidavit arguments aside, there exists evidence that ALS was already pursuing disciplinary action for Bissett's absenteeism and tardiness before he made any complaints of sexual harassment. *See Breeden*, 532 U.S. at 272 ("Employers need not suspend previously planned [disciplinary actions] upon discovering that a Title VII suit has been

filed, and their proceeding along lines previously contemplated, though not definitely determined, is no evidence whatever of causality"); *Ochs v. Eugene Emeralds Baseball Club, Inc.*, 774 Fed. Appx. 1026, 1029 (9th Cir. 2019) ("[Plaintiff's] claim for retaliation based on her reporting a hostile work environment fails because [Defendant] made the decision to fire [Plaintiff] prior to her reporting the hostile work environment…").

As previously noted, Bissett's disciplinary record spans a number of months. He received his first attendance warning in February of 2018, after five reported absences. ECF No. 12-2. Bissett received a second warning on September 6, 2018, after at least two more reported absences. ECF No. 12-3. Bissett received a final attendance warning on September 21, 2018 after another absence. ECF No. 12-4. The first warning occurred before the July 2018 complaint, and all these warnings occurred before the final complaint made in November 2018. ECF No. 8, at 8. Therefore, because ALS was pursuing disciplinary action prior to Bissett's sexual harassment complaint(s), there does not exist a strong casual link establishing that his termination was a result of these complaints.

The Court will accordingly grant ALS's motion to dismiss Bissett's second cause of action for unlawful retaliation under Title VII without prejudice. Bissett is granted leave to file an amended complaint within 30 days if he believes he may cure the deficiencies identified in this Order. Bissett's first cause of action for sexual harassment remains.

### IV.   CONCLUSION

IT IS THEREFORE ORDERED that Defendant ALS's motion to dismiss the second cause of action in the first amended complaint (ECF No. 12) is **GRANTED.**

IT IS FURTHER ORDERED that Plaintiff Bissett is granted leave to file an amended complaint within 30 days from the date of entry of this order if he believes he may cure the deficiencies identified in this Order.

IT IS SO ORDERED.

DATED this 4th day of December, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE